CHARLES HOFFMAN v. THE ESTATE OF CHAUNCEY G. POPE, DECEASED.

*Judgment—Jurisdiction—Statute of limitations—Residence out of State—Appeal from probate court—Pleadings.*

1. A judgment purporting to have been rendered upon the withdrawal of defendant's plea, which the court finds was never filed by him or in his behalf, in a suit sought to be commenced by declaration, which was never served upon the defendant, is void.

2. The statute of limitations does not run during the time a defendant resides out of this State of his own free will and accord.

3. No formal pleadings are necessary in the circuit court on an appeal from probate court. *White v. Allen*, 18 Mich. 194; *Comstock v. Smith*, 26 Id. 322.

Error to Berrien. (O'Hara, J.) Argued February 8, 1889. Decided February 15, 1889.

Appeal by administrator from order of probate court allowing claim against estate of deceased. Judgment of circuit court, in favor of claimant, affirmed. The facts are stated in the opinion

*Edward Bacon,* for appellant

*O. W. Coolidge* and *A. A. Worthington,* for claimant.

MORSE, J. June 15, 1878, Hoffman loaned to Chauncey G. Pope the sum of $500, and received his promissory

note therefor, due in two years, with interest at 8 per cent. per annum. The interest for the first year was paid.

Pope died on October 20, 1884. Owen Churchill was appointed his administrator. Pope executed a will in October, 1880, which the judge of probate of Berrien county refused to admit to probate.

Hoffman, as appears from the record of the probate court, filed a claim against Pope's estate, which was heard on April 7, 1888, and allowed at the sum of $945.49. Churchill, as administrator, appealed from this allowance to the circuit court. The matter was tried in that court before the judge thereof, without a jury, who made findings of fact and law, and allowed the claim at the sum of $873.61. The only oral evidence set forth in the record is the deposition of one James F. Cross, which need not be referred to, as the same is not material to the determination of the questions before us. The circuit judge found that Hoffman filed his claim in the probate court August 26, 1887. He had never presented any claim in that court, nor taken any proceedings before it, prior to that time. April 25, 1887, Churchill petitioned the court that his own claims, and those of other persons, against the estate, might be passed upon, and a time and place fixed for the hearing of the same. The probate judge thereupon made an order granting such petition, and that all creditors should be allowed six months from and after April 26, 1887, in which to present their claims.

The court found that Hoffman loaned this money to Pope in good faith, and that Pope was "neither an imbecile nor a *non compos* when he executed the note," and that he received the money from Hoffman; that Pope left the State October 20, 1880, and did not return until August 1, 1882; and that, while age and reverses had made an inroad upon his mental faculties, his removal

from the State was not the act of one without reason. He knew what he was doing, and why it was done, and deliberately left the State, and took up his abode elsewhere. October 18, 1880, Hoffman filed a declaration upon this note in the circuit court for Berrien county. No service was had upon Pope of this declaration, and the common-rule book of the circuit court shows that no entry of default was ever made, but a judgment was entered in the suit against Pope, April 20, 1881, for $607.33 damages. In the judgment record, immediately preceding the usual recital of assessment of damages, are the following words:

"In this cause, the defendant having, after notice of trial given, and during the present term of this court, withdrawn his plea by him heretofore pleaded "

Then follows the assessment of damages, and usual completion of judgment record. The court finds that no plea was ever entered by Pope, or in his behalf.

The conclusions of law were that—

1. There was no valid judgment in *Hoffman v. Pope.*
2. The claimant had until March, 1888, before the statute of limitations would become a bar, and his claim was filed in time.
3. The allowance of the probate court must be changed. That on April 7, 1888 (the date of allowance by probate court), there was due claimant the sum of $852.41, instead of $945.49, and that there was then due the claimant the sum of $873.61, and the same was ordered to be certified to the probate court.

It was stipulated upon the trial that either party might—

" Read in evidence the testimony of any witnesses he pleases to select, as the same is printed in the printed record, printed for use in the Supreme Court of Michigan in the chancery suit wherein Chauncey G. Pope, by said Owen Churchill, his guardian, was originally com-

plainant, and Stephen Scott, George R. Scott, and Nancy Yaw were defendants."

There is, however, no showing in the record what portion of the testimony contained in this record, if any, was read, submitted to, or considered by the circuit judge in this case. We therefore cannot consider any of the objections that the testimony in the case does not support the findings of the circuit judge as to matters of fact.

The conclusions of law upon the facts as found by the circuit judge cannot be disputed. Pope received the money upon a loan, and gave his note for it, which did not become due until June 15, 1880. He was of sound mind when he gave the note, and the consideration for it was a valid one. He was absent and resided out of this State of his own free will and accord, as the circuit judge finds, from October 20, 1880, to August 1, 1882. The statute of limitations did not run during this time. When Pope left the State, the statute had run a period of four months and five days. Pope died on October 20, 1884. The statute had then run only four years, four months, and five days. Taking out of this the time Pope was residing out of the State, the note would not outlaw until March 25, 1888. The claim was therefore presented to the probate court in time.

It is claimed that there was not a sufficient declaration in the circuit court. We think the issue, by the return of the probate judge on appeal, and the specific reasons filed by the administrator for such appeal, was made sufficiently clear in the circuit court, where no formal pleadings are necessary. *White v. Allen*, 18 Mich. 194; *Comstock v. Smith*, 26 Id. 322. It appears from the reasons assigned for the appeal, and also by the request of the defense for findings, that the claim of Hoffman was

founded on the note, which had been the basis for the erroneous judgment against Pope in the circuit court.

The judgment is affirmed with costs.

The other Justices concurred.